IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN C. DUVALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-08-1388-HE |
| | ) |
| DAVID PARKER, | ) |
| | ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION**

Mr. John Duvall seeks a writ of habeas corpus under 28 U.S.C. § 2254. The petition is "second or successive," and Mr. Duvall has not obtained authorization by the Tenth Circuit Court of Appeals. The Western District of Oklahoma lacks jurisdiction and should transfer the action to the Tenth Circuit Court of Appeals.

Mr. Duvall earlier filed a habeas petition in the Eastern District of Missouri, challenging the validity of the same conviction involved here. *See* Petition, *Duvall v. Crawford*, Case No. 4:07CV1232 ERW (E.D. Mo. July 9, 2007).[1] The federal district court

---

[1] An earlier habeas petition had been filed on Mr. Duvall's behalf. *See* Petitioner John Duvall's Response to the Court's January 15, 2009, Order and Motion for Judicial Notice re: Missouri's Firmly Established, Regularly Followed, and Readily Ascertainable Rule that Claims Based Upon Newly Discovered Evidence Are Not Cognizable at p. 2 (Jan. 29, 2009). But the Petitioner states that the document had been filed without his consent, and the district court dismissed the action without prejudice. *Id.*; Order of Dismissal Pursuant to Fed. R. Civ. P. 41(b), *Duvall v. State of Missouri*, Case No. 4:07CV00289 ERW (E.D. Mo. Mar. 28, 2007). That petition, allegedly filed without Mr. John Duvall's consent, did not trigger the statutory restriction on "second or successive" habeas actions. *See Haro-Arteaga v. United States*, 199 F.3d 1195, 1197 (10th Cir. 1999) (*per curiam*) (holding that a voluntarily withdrawn motion under 28 U.S.C. § 2255 does not render a subsequent motion "second or successive"). But the same is not true of the habeas action, filed in Case No. 4:07CV1232 ERW, discussed in the text.

denied relief,[2] and Mr. Duvall appealed to the Eighth Circuit Court of Appeals.[3] That appeal remains pending.

Federal law provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (2000); *see Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Because the present action is "second or successive"[4] and Mr. Duvall has not asked the appeals court for authorization to proceed, the federal district court lacks jurisdiction.[5]

In the present action, Mr. Duvall has asserted claims involving:

- due process and equal protection violations based on the State's failure to disclose *Brady* material involving Michael McCawley and inconsistencies in the accounts given by the alleged victims,

- failure to disclose an agreement involving leniency toward a key prosecutorial witness, Bobby Wainwright,[6]

---

[2] Memorandum and Order, *Duvall v. Crawford*, Case No. 4:07CV1232 ERW (E.D. Mo. Sept. 16, 2008).

[3] Notice of Appeal, *Duvall v. Crawford*, Case No. 4:07CV1232 ERW (E.D. Mo. Oct. 24, 2008).

[4] The present action is considered "second or successive" even though an appeal is pending on the earlier petition. *See Ochoa v. Sirmons*, 485 F.3d 538, 540 (10th Cir. 2007).

[5] *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (*per curiam*).

[6] Mr. Duvall did not mention this claim in the heading of his propositions. Nevertheless, the Petitioner discussed this allegation in the body of the petition. *See* Petition for Writ of Habeas Corpus Based Upon Newly Discovered Evidence Re: Michael P. McCawley & Suppressed Report of First Interview of Alleged Victims at pp. 18-21 (Dec. 29, 2008). The Court should liberally construe the *pro se* petition to include this claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*).

- ineffective assistance of counsel for failure to investigate the first interview conducted by James Matthew Link and issues involving Michael McCawley, and

- ineffective assistance of counsel for failure to call Mr. McCawley as a witness.

Disposition of the claims turns on how they had been treated in the first habeas proceeding. For the claims denied in those proceedings, the Court must order dismissal. *See* 28 U.S.C. § 2244(b)(1) (2000).[7] For new habeas claims, the Court enjoys discretion

---

[7] The Tenth Circuit Court of Appeals has not issued a published opinion on the district court's authority to dismiss previously-presented habeas claims rather than transfer them to the circuit court. In an unpublished decision, however, the court stated in dicta that the federal district court can "dismiss a successive petition raising the same grounds for relief as a prior petition." *Rasmussen v. Ward*, 98 F.3d 1350, 1996 WL 563854, Westlaw op. at 1 n.1 (10th Cir. Sept. 27, 1996) (unpublished op.). This approach is consistent with Section 2244(b)(1), which states that the court must dismiss previously-presented habeas claims whenever they are part of a second or successive habeas petition. *See supra* text accompanying note. The language is mandatory and does not distinguish between district courts and appellate courts in connection with the obligation to order dismissal. *Cf. Ashmus v. Calderon*, 123 F.3d 1199, 1203 n.2 (9th Cir. 1997) ("Under the [Antiterrorism and Effective Death Penalty Act of 1996], the district court is directed to dismiss a claim presented in a second or successive petition if that claim 'was presented in a prior application.'" (citation omitted)), *reversed on other grounds*, 523 U.S. 740 (1998).

In *Coleman v. United States*, the Tenth Circuit Court of Appeals had stated that when a second or successive habeas petition is filed without authorization, the district court should transfer the petition to the circuit court "in the interest of justice pursuant to [28 U.S.C.] § 1631." *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (*per curiam*). This language constituted dicta because there the second or successive motion had arisen under 28 U.S.C. § 2255 rather than § 2254. *See id.* at 340. The difference was potentially significant because Section 2255 does not contain a provision, like Section 2244(b)(1), which requires dismissal of previously-presented claims. *See* 28 U.S.C. § 2255(h) (2000). The court recently noted that in *Coleman* it had not intended to require transfer, rather than dismissal, whenever a habeas petition is second or successive. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Little reason would exist for the district court to disregard the statutory obligation under Section 2244(b)(1) for dismissal of the habeas claims that had been previously asserted and rejected.

regarding whether to order dismissal or transfer to the federal court of appeals. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

In the prior habeas action, the federal district court denied habeas relief on the claims involving:

- ineffectiveness of counsel for failure to call Michael McCawley as a witness and

- failure to disclose a favorable deal given to Bobby Wainwright in a state prosecution.

*Duvall v. Crawford*, 2008 WL 4287953, Westlaw op. at 4-6 (E.D. Mo. Sept. 16, 2008) (unpublished op.). As a result, these claims must be dismissed. *See supra* p. 3.

For the remaining claims, the Court must decide whether to order dismissal or transfer. *See supra* pp. 3-4. In determining whether transfer would be appropriate, the Court should consider factors such as:

- whether the claims would be time-barred if filed anew in the proper forum,

- whether the allegations would likely have merit, and

- whether the claims were filed in good faith or whether the district court's lack of jurisdiction should have been clear.

*See In re Cline*, 531 F.3d at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

The Court lacks sufficient information to decide whether dismissal and refiling would result in a time-bar. A one-year period of limitations exists,[8] and the state court of appeals affirmed the conviction roughly six years before Mr. Duvall initiated collateral proceedings in state court.[9] But the Petitioner alleges deceit by his trial counsel and an inability to learn the factual predicate for some of his habeas claims until March 6, 2008.[10] These allegations could result in additional time for Mr. Duvall, and the Court lacks sufficient information to gauge the extent of any possible tolling.[11] If the undersigned were to recommend dismissal of the new claims, the Petitioner would have twenty days to object[12] and the presiding district judge would then issue an order. If Mr. Duvall were to then seek authorization in the appeals court, the limitations period might have expired in the interim. Because the Court lacks sufficient information about the extent of possible tolling, it cannot determine whether

---

[8]   *See* 28 U.S.C. § 2244(d)(1) (2000).

[9]   *See Duvall v. Crawford*, 2008 WL 4287953, Westlaw op. at 1 (E.D. Mo. Sept. 16, 2008) (unpublished op.); Petitioner John Duvall's Response to the Court's January 15, 2009, Order and Motion for Judicial Notice re: Missouri's Firmly Established, Regularly Followed, and Readily Ascertainable Rule that Claims Based Upon Newly Discovered Evidence Are Not Cognizable at pp. 2-4 (Jan. 29, 2009).

[10]   Petition for Writ of Habeas Corpus Based Upon Newly Discovered Evidence Re: Michael P. McCawley & Suppressed Report of First Interview of Alleged Victims at pp. 24, 33 (Dec. 29, 2008).

[11]   *See Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) ("holding that sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period").

[12]   *See* LCvR 72.1.

dismissal and refiling would result in a time-bar. As a result, this factor weighs in favor of transfer rather than dismissal.

The merits are difficult to predict because of the paucity of information before the Court. However, the Petitioner has presented: (1) sworn testimony by Mr. McCawley that would suggest perjury on the part of a key prosecutorial witness, and (2) statements by a prosecutor supporting leniency for a key witness at Mr. Duvall's trial after protestations that there had been no agreement for leniency. Mr. Duvall might or might not prevail on these claims, but they do not appear facially invalid. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972). This factor also weighs in favor of transfer rather than dismissal.

The Court must also assess whether the Petitioner had a good faith basis to believe that he was filing the action in a forum with jurisdiction. Mr. Duvall is unrepresented and incarcerated. Although the district court clearly lacks jurisdiction, it has little reason to suspect bad faith on the part of Mr. Duvall. He alleges newly discovered evidence, which could support authorization for a second habeas petition.[13] As a Missouri prisoner, Mr. Duvall may have been unaware of the need to seek authorization in the court of appeals rather than the district court.

Accordingly, the Court should:

---

[13] *See* 28 U.S.C. § 2244(b)(2)(B)(i)-(ii) (2000); *see also Tyler v. Cain*, 533 U.S. 656, 661-62 (2001) (noting an exception to dismissal for new habeas "claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict" (citing 28 U.S.C. § 2244(b)(2)(B))).

- dismiss the reasserted habeas claims involving ineffectiveness of counsel for failure to call Michael McCawley as a witness and failure to disclose a favorable deal given to Bobby Wainwright and

- transfer to the Tenth Circuit Court of Appeals the new habeas claims involving due process and equal protection violations involving failure to disclose *Brady* material involving Michael McCawley and inconsistencies in the accounts given by the alleged victims and ineffective assistance of counsel for failure to investigate the first interview conducted by James Matthew Link and issues involving Mr. McCawley.

Mr. Duvall may file a written objection to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any such objection must be filed with the Clerk of the United States District Court. The objection deadline is February 26, 2009. *See* W.D. Okla. LCvR 72.1. A failure to timely object would result in waiver of the right to appeal the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is terminated.

Entered this 6th day of February, 2009.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge